BYRNES, Judge.
Defendant, Nolan Camp Jr., was charged by Bill of Information with receiving stolen goods, a violation of R.S. 14:69. He was found guilty by a six man jury and sentenced to two years at hard labor with credit for time served. Defendant then perfected this appeal, urging two assignments of error, both relating to the sufficiency of the evidence against him. We affirm, finding no merit in either assignment.
FACTS
At some time between mid July and early August 1980 a refrigerator and stove were stolen from a vacant apartment at 8615½ Green St. in New Orleans. A Miss Sandy Cage discovered the theft in the course of her duties as manager of the building. Upon discovering the theft she called the police and additionally asked a neighbor, one Alston Cutino, to see what he could find out about the incident.
In response to this request Mr. Cutino investigated the defendant’s apartment, which was located next door to the burglarized building. During that investigation Cutino looked into the defendant’s window with a flash light and observed what he identified as the stolen property.
This information was forwarded to the police, who used it to obtain a search warrant of the defendant’s apartment. When the apartment was searched a refrigerator, later identified as the stolen one, was recovered. No trace of the stove was ever found. A warrant was issued for the defendant’s arrest but he remained at large for some seven months until he was arrested for a traffic violation.
ASSIGNMENTS OF ERROR
On appeal defendant argues that the State failed to establish two essential elements of the crime with which he was charged; namely the value of the property received and his knowledge that it was stolen. The essential elements of the crime of *725 receiving stolen things are; 1.) that the item was stolen; 2.) that the item was of value; 3.) that the defendant knew or should have known the property was stolen; and 4.) that defendant intentionally procured received or concealed the property. R.S. 14:69, State v. Walker, 350 So.2d 176 (La.1977). We will first address defendant’s contention that the evidence produced at trial was not sufficient to prove that he knew or should have known that the property recovered from his apartment was stolen.
The standard of appellate review in cases involving challenges to the sufficiency of evidence is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 271, 61 L.Ed.2d 560 (1979), State v. Edwards, 400 So.2d 1370 (La.1981).
Where a conviction is based on circumstantial evidence R.S. 15:438 requires that such evidence exclude every reasonable hypothesis of innocence.
In this case the proof that Camp knew the property was stolen consisted of testimony that his apartment was next door to the burglarized building and that the stolen items were observed in that apartment after the theft. It was shown that while there were two refrigerators in the apartment only the stolen one appeared to be functional or contained food.
We feel that, given these circumstances, a rational trier of fact could conclude that every reasonable hypothesis of innocence had been excluded. This assignment of error is without merit.
Defendant’s next contention is that the State offered no proof that the stolen refrigerator had any value. We do not agree. The State introduced a photograph of the stolen refrigerator. The officer who conducted the search of defendant’s apartment testified that it was working when he seized it. In addition Miss Cage testified that the refrigerator was in fairly good condition when it was recovered and that it was approximately one and one half years old.
The phrase “anything of value” is given the broadest possible construction and includes anything of the slightest value R.S. 14:2(2). It seems beyond question that a one and one half year old refrigerator in working order has a value greater than one hundred dollars. We conclude that the State’s showing, while sketchy, was sufficient to allow a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to conclude: 1.) that the stolen refrigerator was a thing of value and 2.) that the value was greater than one hundred dollars but less than five hundred dollars.
Having found defendant’s assignments of error to be without merit we affirm his conviction.
AFFIRMED.
BARRY, J., dissents with reasons.