SCHOTT, Judge.
Defendant was convicted of two counts of forgery in violation of R.S. 14:72 and sentenced to ten years at. hard labor on each count to run concurrently.
In early August, 1982, Giwena Patin’s automobile was burglarized and her checkbook, stolen. On August 17 defendant attempted to cash a check payable to his order drawn by Patín on the account. The bank teller refused to cash the check because he noticed that initials on the check purporting to be the bank manager’s appeared to be forged. Another manager who was notified by the teller of the difficulty, verified that the initials were false, and called the police who arrested the defendant.
In her testimony Mrs. Patín identified the check as hers. She stated that the drawer’s signature was not hers, she did not know the defendant prior to the institution of these proceedings, and she never drew a check to his order.
The state's handwriting expert testified that none of the entries on the face of the check were in defendant’s handwriting but the endorsement on the reverse was his.
ASSIGNMENT OF ERROR 1
By this assignment defendant contends that the evidence was insufficient to support a conviction on either count. LSA-R.S. 14:72 defines forgery as follows:
“Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of any writing purporting to have legal efficacy.
Issuing or transferring with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.”
The state’s expert established that the signature purporting to be Mrs. Patin’s on the face of the check as drawer was not written by defendant. Thus, he did not commit the crime defined in the first paragraph of the statute of falsely making that signature. The only other signature on the check was his own as endorser to whom the cheek was made payable. This signature was not false so that it likewise could not constitute the crime defined by the statute’s first paragraph. Hence, defendant’s conviction on the first count falls.
As to the second count, however, we reach the opposite conclusion. Our task is to determine, in viewing the evidence in the light most favorable to the state, whether there is sufficient evidence in the record for a rational trier of fact to have found defendant guilty beyond a reasonable doubt on every essential element of the offense. State v. West, 408 So.2d 1302 (La.1982). Since this case is based in part on circumstantial evidence we must further determine that every reasonable hypothesis of defendant’s innocence has been excluded. R.S. 15:438.
The four elements of this offense are 1) issuing or transferring, 2) with intent to defraud, 3) a forged writing, 4) known by defendant to be forged. Elements 1 and 3 were established by direct evidence while 2 and 4 were established by circumstantial evidence. The question is over the sufficiency of proof of the latter two elements.
The defendant was in possession of a check payable to his order by a stranger. When he presented the check for cashing it contained the forged initials of the bank manager. We are simply unable to conjure up any reasonable hypothesis of defendant’s innocence on the elements that he intended to defraud the bank and knew the maker’s signature was forged. As to the second count, this assignment of error has no merit.
Because of the conclusion we have reached with respect to count 1 defendant’s second and final assignment of error is moot.
*835 We have reviewed the record for errors patent and find none.
Accordingly, defendant’s conviction and sentence as to count 1 are reversed and set aside, while his conviction and sentence as to count 2 are affirmed.
REVERSED IN PART; AFFIRMED IN PART.