LOBRANO, Judge.
Defendant, Kenneth Smith, was charged by bill of information with four counts of forgery committed on May 4, 1983, a viola *419 tion of LSA R.S. 14:72.[1] Defendant was arraigned on August 1, 1983 and pled not guilty to all counts. A judge trial was held on January 27, 1984. Defendant was found guilty as charged on Count one and guilty of attempted forgery on Count two.[2]
On February 10, 1984, the trial judge, after denying defendant’s Motion for a New Trial, changed the verdict as to Count one to attempted forgery, thereby reducing the original verdict.
On March 16, 1984, defendant, pursuant to a multiple bill under LSA R.S. 15:529.1, was sentenced as a second offender to serve six (6) years on each count concurrently at hard labor.
FACTS:
On May 4, 1983, defendant and his co-defendant, Giles McGhee, approached a check cashing booth located in the Woolworth’s department store on Canal Street in New Orleans. John Mothershead, owner and operator of the booth, testified McGhee presented to him for cashing a social security check payable to “Jose Gonzales”. The check was already endorsed “Jose Gonzales”. Because it was the time of the month when many social security checks are stolen, and because McGhee’s appearance did not fit the Hispanic name, “Jose Gonzales”, Mothershead became suspicious. Mothershead asked McGhee for identification. McGhee replied he had none. Defendant, who had opened a check cashing account with Mothershead several days before, vouched for McGhee and told Mothershead that McGhee was Jose Gonzales. Mothershead then asked McGhee to sign the check again, which he did as “Jose Gonzales”. Still suspicious, Mothershead summoned the store security officer who alerted officer Harry Taylor of the New Orleans Police Department.
Taylor escorted defendant and McGhee to the store security office and informed them of their constitutional rights. They responded that they understood these rights. McGhee then voluntarily stated to Taylor that he did not steal the check but that he received it from defendant. Defendant then told McGhee, “Hey man, Shut up. You only sinking us deeper.”
Jose Gonzales testified he did not know either McGhee or defendant and that he did not give anyone permission to cash his check, nor did he endorse same.
McGhee testified he received the check from a Ricky Arceneaux who asked him to cash it for his uncle (Jose Gonzales). He claimed he met defendant by chance at the booth and that defendant never identified him as Jose Gonzales but merely attempted to help him cash the check. He also denied ever having told Officer Taylor that defendant gave him the check.
Defendant testified that he met McGhee by chance in the store and when he realized he was. having difficulty cashing the check, interceded on his behalf. He denied telling Mothershead that McGhee was Jose Gonzales.
From his conviction and sentence, defendant asserts the following assignments of error:
1) The trial court erred in finding the defendant guilty as charged on the first count, when there was insufficient evidence, to show that the defendant was a principal to the forgery of Jose Gonzales’ name.[3]
*420 2) The conviction of both counts violated the double jeopardy clause of the United States Constitution.
3) The trial court erred in adjudicating the defendant a second offender.
ASSIGNMENT OF ERROR 1.
Count One refers to the unlawful making of a forged instrument, a violation of LSA R.S. 14:72.
The standard of review of sufficiency of evidence under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is that the reviewing court must determine that the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the defendant is guilty beyond a reasonable doubt of the crime. Also, when the conviction is based, at least partially, on circumstantial evidence, the rule enunciated in LSA R.S. 15:438[4] is useful in determining the existence of a reasonable doubt, “because, when the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt.” State v. Camp, 446 So.2d 1207 (La.1984).
Viewing the evidence in the light most favorable to the prosecution, the following facts were adduced at trial:
1) Defendant was with McGhee at the check cashing booth when McGhee signed the check “Jose Gonzales”;
2) Defendant identified McGhee as Jose Gonzales;
3) McGhee told Officer Taylor defendant gave him the check;
4) Defendant and McGhee knew each other;
5) Defendant told McGhee, “Shut up. You only sinking us deeper” when McGhee began explaining defendant’s involvement.
Even though these facts testified to by Taylor and Mothershead were contradicted by defendant and McGhee, viewing the evidence in the light most favorable to the prosecution, every reasonable hypothesis of innocence was excluded. State v. Wright, 445 So.2d 1198 (La.1984). Accordingly, this evidence is sufficient to support the defendant’s intent to defraud and his conviction as a principal[5] to attempted forgery.[6] We are satisfied that the requirements of Jackson v. Virginia, supra, and State v. Nolan Camp, supra, have been met.
Defendant also argues that at the time McGhee signed Jose Gonzales’ name to the check that signature did not have “legal efficacy” because the check already had been endorsed, thus the second endorsement meant nothing, legally. We disagree with this argument. Defendant misreads La.R.S. 14:72. The statute states that in order to constitute forgery the false making or altering of a signature must occur on “... any writing purporting to have legal efficacy.” It is not the signature which must give legal efficacy, but the writing upon which the altered or forged signature appears must have legal efficacy. Certainly the legislature never intended to make it a criminal act for every person who signs his spouse’s or child’s name to a birthday card, as the birthday card (writing) has no legal efficacy.
*421 ASSIGNMENT OF ERROR 2:
Defendant contends that convicting him on both counts of attempted forgery violated his constitutional right against double jeopardy.[7]
In Louisiana, an accused is not only protected from a second prosecution on the same offense, but also protected from multiple punishment for essentially the same criminal conduct. State v. Hayes, 412 So.2d 1323 (La.1982).
Louisiana courts employ two tests in determining whether a prosecution presents a double jeopardy problem. State v. Vaughn, 431 So.2d 763 (La.1983).
The first, the Blockburger test, enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), provides that when the same conduct constitutes a violation of two distinct statutory provisions, the test to be applied is whether each provision requires proof of an additional fact that the other does not. State v. Knowles, 392 So.2d 651 (La.1980).
The second, the same evidence test enunciated in State v. Steele, 387 So.2d 1175, 1177 (La.1980), provides:
“If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea qf double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial ...
The ‘same evidence’ test is somewhat broader in concept than Blockburger the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.”
Under the Blockburger test, each paragraph of R.S. 14:72 requires proof of an additional fact that the other does not. The first paragraph (the basis for Count 1) requires that the defendant, in some way, falsify or alter a document, with intent to defraud. Paragraph two (the basis for Count 2) requires the issuance or transfer of a forged writing with intent to defraud, although the defendant does not have to be the falsifier. Quite clearly, each paragraph requires the proof of an additional fact that the other does not.
Defendant’s conviction also survives the same evidence test. Acquittal of a defendant on one count of forgery does not necessarily operate as an acquittal on other counts. Whether the facts are the same is not the true test. Rather the court must determine whether acquittal of the defendant on the first count necessarily involves acquittal on the other counts. State v. Didier, 262 La. 364, 263 So.2d 322, 327 (1972).
In State v. Doughty, 379 So.2d 1088, 1091 (La.1980), the Louisiana Supreme Court defined forgery as:
“The false making or altering with the intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy; or (underlined for emphasis) issuing or transferring, with intent to defraud, a forged writing known by the offender to be a forged writing.”
Thus, according to the language in Doughty, supra, the offense may be committed in two alternative manners, either by the actual making of the false writing or by issuing or transferring a false writing known to be false.[8]
Thus, applying the facts of the instant case to the Blockburger and same evi *422 dence tests, defendants convictions are not in derogation of his federal or state constitutional protection against double jeopardy. This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that his prior guilty plea was improperly used to charge him as a multiple offender as he was not adequately informed of his rights as set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1979), and adopted by Louisiana in State ex rel, Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Defendant contends his Boykinization colloquy shows:
1) confusion over the two prongs of self-incrimination (at the time of the entry of the guilty plea and at trial); and
2) The trial judge “rattled” off the defendant’s rights with such speed that the defendant could not make an intelligent waiver.
The state bears the burden of showing the defendant knowingly and intelligently waived his constitutional rights. State v. Holden, 375 So.2d 1372 (La.1979).
The colloquy of defendant’s prior conviction shows the trial judge asked the defendant if he understood that:
“by pleading guilty, you waive your constitutional right to remain silent now and at the time of trial. You have a right to a jury trial, to appeal, the right to face your accusers from the witness stand, to cross-examine them, and the right to call your own witnesses and testify yourself, if you so wish.” (Emphasis added)
The colloquy indicates the defendant was adequately informed of his right to remain silent both at the time of the plea and at trial. In addition, the Louisiana Supreme Court has recognized that the appellate court may “look beyond a colloquy to an expanded record to determine whether voluntary waiver occurred.” State v. Lawson, 410 So.2d 1101, 1103 (La.1982).
In the instant case, the waiver of rights form which defendant initialed and signed reflects that he was adequately informed of both his right against self-incrimination at the entering of the guilty plea and at trial. This assignment of error is without merit.
ERRORS PATENT:
We have also reviewed the record for errors patent as mandated by La.C.Cr.P. Art. 920(2). We find none.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA R.S. 14:72:
“Forgery is the false making of altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery. Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.”

. There is nothing in the record as to what occurred as to Counts three and four.

. Defendant was originally convicted of forgery on Count One. However, on February 10, 1984, the trial court changed the original verdict to that of the lesser included verdict of guilty of attempted forgery on Count One. Thus, this assignment is examined for sufficiency of evidence to convict the defendant of attempted forgery.

. La.R.S. 15:438 provides the following rule for circumstantial evidence in Louisiana:
“The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”

. "principal” is defined in LSA-R.S. 14:24 as "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”

. LSA R.S. 14:27 (attempt)
“A. Any person who having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would havf actually accomplished his purpose. ...”

. La.C.Cr.P. Art. 591:
“No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.”

. See also State v. Thomas, 454 So.2d 833 (La.App. 4th Cir. June 26, 1984), wherein this court reversed a forgery conviction on Count one but affirmed the conviction of Count two. This case is distinguished from the present in that the defendant in that case did not participate as a "principal” to the forged writing.