WILLIAMS, Judge.
Defendant, Austin Ross, Jr., was convicted of simple burglary, in violation of LSA-R.S. 14:62 and was sentenced to five (5) years at hard labor. The defendant appeals to this court to review the record for errors patent. Additionally, the record has been reviewed for sufficiency of evidence.
At approximately 1:00 a.m. on the morning of May 1, 1983, Arthur Smith heard the sound of breaking glass; looking through the window of his apartment he saw a black man, 6 feet tall, in his twenties, wearing dark clothing and light colored hush-puppy-type shoes, using a crowbar to smash the glass door of a dry cleaning establishment across the street. Smith watched the man enter the building and exit with an armload of clothes wrapped in cellophane and run around the corner. The man returned empty handed, re-entered the building, exited carrying another load of clothes, and again disappeared around the corner.
When the police arrived, Smith directed an officer in the direction in which he saw the suspect flee. Shortly thereafter the police found the defendant standing near some steps, sorting through tagged clothes on hangers wrapped in cellophane. There was a crow bar at his feet. Defendant was dressed in dark clothes and light shoes.
Arthur Smith identified the defendant as the man he saw burglarizing the dry cleaning store. Smith’s identification was made on the basis of clothing worn and the general physical appearance of the defendant.
Defendant testified that he was stumbling home from a night of drinking when he came across the stolen items and began to examine them. He stated that he remembered the arrival of the police and his arrest, but nothing else — neither the crowbar, nor the details of the arrest and booking. He denied committing the robbery.
Defendant’s two sisters each testified as to his chronic drinking problem and testified he had been drinking all day prior to his arrest. The investigating police officers testified that the defendant neither appeared intoxicated nor claimed to be intoxicated at the time of his arrest.
We have reviewed the record for errors patent and find none.
We have also reviewed the record to assess the sufficiency of the evidence. LSA-R.S. 14:62 states in pertinent part: “Simply burglary is the unauthorized entering of any dwelling ... or other structure ... with intent to commit a felony or any theft therein....” Based on a review of the record, we conclude that any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have found in this case that the essential elements of the offense of simple burglary were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Camp, 446 So.2d 1207 (La.1984).
For the foregoing reasons, the conviction and sentence are Affirmed.
AFFIRMED.