GARRISON, Judge.
The defendant, John B. Stevenson, was charged by bill of information with possession of stolen property in violation of LSA-R.S. 14:69.[1] The defendant waived his right to trial by jury and was subsequently found guilty as charged by the trial judge. He was given a suspended sentence of one year in Orleans Parish Prison and was placed on active probation for eighteen months with the special condition that he be evaluated by the Veterans Hospital Drug Abuse Clinic. Defendant appeals.
On the morning of March 1, 1982, the home of Donald and Catherine O’Neal in Jefferson Parish was burglarized. The burglary had taken place sometime after 7:30 a.m. when Donald O’Neal left the house. Several items of jewelry were taken from their home including two high school class rings and a diamond-studded tie tack. On that same morning at approximately 10:00 a.m., the defendant entered the 305 Shop, a pawnshop located at 305 Chartres Street in New Orleans, and sold several items of jewelry including two high school class rings, one of which was crushed, a diamond-studded tie tack, and other pieces of jewelry. When reviewing the daily report on pawn shop transactions, a detective in the New Orleans Police Department Burglary Unit noticed that the initials on one of the class rings did not match the defendant’s initials. The detective then conducted an investigation and discovered that the ring had originally belonged to Mrs. Donald O’Neal. Soon thereafter, it was learned that this ring and the other items of jewelry sold at the 305 Shop by the defendant had been stolen during the earlier burglary of the O’Neal home.
At trial, Mr. Louis Hernandez, proprietor of the 305 Shop, testified that the defendant entered his shop on March 1, 1982 and presented his driver’s license as identification in order to sell several items of jewel *709 ry. Mr. Hernandez also testified that the retail value on that date of the two class rings and the diamond-studded tie tack was in excess of $500.00.
After the state rested its case, the defendant moved for an acquittal pursuant to LSA-C.Cr.P. art. 778.[2] The trial judge denied this motion. The defendant did not present a defense and was subsequently found guilty as charged.
A review of the record reveals that there are no errors patent.
On appeal, the defendant alleges two assignments of error[3]:
1. the trial judge erred in denying the defendant’s motion for acquittal, and
2. the evidence in this case was insufficient to support a guilty verdict.
According to the standard of appellate review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the reviewing court must determine whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational juror to find that the defendant is guilty beyond a reasonable doubt. Additionally, in a case involving circumstantial evidence, the rule set forth in LSA-R.S. 15:438 that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence” is useful in determining the existence of a reasonable doubt, because when the overall evidence, direct and circumstantial, does not exclude a reasonable hypothesis of innocence, there exists a reasonable doubt as to guilt. State v. Camp, 446 So.2d 1207 (La.1984).
The defendant contends that the evidence presented did not establish that the defendant knew or had reason to believe that the property in question was stolen. This element is one of four elements which the State is required to prove in order to sustain a conviction based upon a violation of LSA-R.S. 14:69.
In this case, proof of the defendant’s knowledge that the property was stolen was presented through circumstantial evidence. The defendant sold several pieces of jewelry to the 305 Shop at approximately 10:00 a.m. on March 1,1982. Some of the jewelry was disfigured at the time of sale. A routine check by the New Orleans Police Department revealed that this jewelry had been stolen from the O’Neal home sometime after 7:30 a.m. on the same day. Viewing the facts in the light most favorable to the prosecution, a rational juror could have concluded that the defendant was guilty beyond a reasonable doubt of possession of stolen property.
Therefore, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-R.S. 14:69, as effective on March 1, 1982, states in part:
Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

. LSA-C.Cr.P. art. 778 states:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.

. These assignments have been consolidated to facilitate discussion of this single issue.