GULOTTA, Judge.
Defendant appeals his conviction and sentence to three and one-third years’ imprisonment on two counts of forgery in violation of LSA-R.S. 14:72. We affirm the conviction, but remand the case to the trial court for sentence clarification.
On March 22, 1982, Larry Moses closed his checking account at the Bank of New Orleans after his check book had been stolen from his car. On March 29, 1982, defendant Felix Briscoe attempted to cash one of the stolen checks at the bank by representing himself to be “George Davis”, the payee, maker and endorser of the check. Because the account had been closed and “George Davis” was not an authorized signer of the account, the bank branch manager notified police who arrested Briscoe at the scene.
Briscoe was charged by bill of information with two counts of forgery: 1) the false making of a check and 2) the issuing or transferring of it, in violation of LSA-R.S. 14:72. After waiving his right to a trial by jury, defendant underwent a bench trial and was found “guilty as charged” and sentenced to three and one-third years’ imprisonment. Although this sentence was vacated in a subsequent multiple bill hearing, the trial judge imposed the same three and one-half year sentence (with credit for time served) on defendant as a multiple offender. Briscoe was granted an out-of-time appeal.
In his brief to this court, counsel for defendant contends that the trial judge’s failure to particularize the verdict as to each count is an error patent requiring a remand, and that the prohibition against double jeopardy bars defendant's conviction on both counts charged. In a separate pro se brief, defendant also raises the double jeopardy issue and additionally argues: 1) ineffective assistance of counsel; 2) insufficiency of proof that he had been properly advised of his Boykin rights upon pleading guilty to the prior offense serving as the predicate for the multiple bill; and 3) the fundamental unfairness of a piecemeal trial on three separate trial dates.
Before turning to the merits of the assignments of error raised, we have reviewed the record for errors patent and for the sufficiency of evidence to support the convictions. Except for a sentencing irregularity, which will be discussed herein later, we have found no other errors patent. We further conclude the evidence supports defendant’s convictions on both counts as charged.
LSA-R.S. 14:72 defines forgery as the “false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.” The second paragraph of LSA- *266 R.S. 14:72 further defines forgery as the “issuing or transferring with intent to defraud [of] a forged writing known by the offender to be forged.” See State v. Thomas, 454 So.2d 833 (La.App. 4th Cir. 1984).
In the instant case, the owner of the stolen checks testified that he had not authorized anyone named “George Davis” to sign the checks, and that he neither knew the defendant nor had given him permission to write a check drawn on his account. The bank officer further testified that defendant had presented the check for cashing at the bank and had represented himself to be “George Davis”. Following his arrest, defendant gave a handwriting ex-amplar which, according to a police department expert, was identical to the writing on the check. The defense presented no witnesses.
Viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the defendant guilty of both counts of forgery charged. Defendant’s writing of the check payable to the fictitious “George Davis”, whom he impersonated, and his signing of the check as maker constitute a false making of the instrument with the intent to defraud. Furthermore, his endorsement of the check and his presentation of it to the bank under the guise of “George Davis” sufficiently proves his issuance or transfer of the forged writing with an intent to defraud. Accordingly, the evidence is sufficient to convict defendant on both counts.
SENTENCING IRREGULARITIES
Defendant contends the trial judge’s failure to particularize that defendant has been found guilty on each count charged constitutes an error patent on the face of the record. The bill of information charges one count of forging an instrument with intent to defraud and a second count of unlawfully issuing or transferring the check with intent to defraud. Defendant was found “guilty as charged” and sentenced by the trial judge. At a multiple bill hearing, after receiving evidence of defendant’s guilty plea to simple burglary in 1980, the trial judge vacated the original sentence and resentenced defendant as a multiple offender to the same period of imprisonment, with credit for time served. The judge specifically noted that the prior sentence had been “on two counts of forgery” and that the defendant was “in no worse or better shape” after resentencing. Because defendant was charged with two counts and was found “guilty as charged”, we find no merit to the claim that the trial judge erred in failing to particularize a finding of guilt on each count.
We do note, however, a conflict between the sentencing transcript of July 6, 1982, when the trial judge stated the defendant was sentenced to “Parish Prison”, and the minute entries and a later letter of the trial judge to the defendant that indicates defendant was to serve time in the custody of the Department of Corrections. Accordingly, we remand the case to the trial court for the limited purpose of clarifying this discrepancy in the record.
DOUBLE JEOPARDY
In this assignment of error, defendant contends the trial judge’s imposition of multiple punishments for two counts of violating LSA-R.S. 14:72 constitutes double jeopardy because the charges of false making and issuing of the instrument are not separate crimes but are merely two different ways of committing the same crime. We disagree.
Recently, in State v. Smith, 461 So.2d 417 (La.App.4th Cir.1984), this court held that the conviction of a defendant on two separate counts for attempted unlawful making of a forged instrument and for attempted issuing or transferring of the same instrument did not violate the federal or state constitutional protections against double jeopardy. We noted in Smith that the offense of forgery may be committed in two alternative manners, either by the actual making of the false writing or by issuing or transferring a false writing known to be false; that each paragraph of *267 the statute requires proof of an additional fact that the other does not; and that acquittal of the defendant on one count of forgery would not necessarily operate as an acquittal on the other. Citing the established tests for double jeopardy enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Knowles, 392 So.2d 651 (La.1980); and State v. Steele, 387 So.2d 1175 (La.1980), we concluded, in Smith, that conviction on both counts of LSA-R.S. 14:72 did not violate the prohibition against double jeopardy.
For the same reasons, we reject the argument raised in defendant’s pro se brief that separate convictions of forgery for a transaction dealing with one check violate the double jeopardy prohibition.
This assignment lacks merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
In his pro se brief, defendant complains of ineffective assistance by his attorney’s waiver of the reading of the bill of information and his failure to file pre-trial motions. We find no merit to this contention.
In order to prevail on this issue, a defendant must show that his counsel’s deficient performance so prejudiced the defendant as to deprive him of a fair trial. See Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). In State v. Seiss, 428 So.2d 444 (La.1983), the Louisiana Supreme Court held that defense counsel is not required to make motions and objections when they are not necessary, and that the defendant must show specific prejudice in order to claim that the failure to make such motions resulted in ineffective assistance.
Defendant has failed to show any prejudice from a lack of any defense pre-trial motions in this judge trial.
MULTIPLE BILL
According to defendant, because he was not properly advised of his Boykin rights when pleading guilty to the offense of simple burglary in 1980, the plea of guilty to the predicate offense will not support sentencing as a multiple offender.
The transcript of the 1980 guilty plea hearing indicates the trial judge informed the defendant of his right to a trial by jury, his privilege against self-incrimination, and his right to present evidence or compel witnesses to appear to testify on his behalf, subject to cross examination by the prosecution. The trial judge in 1980, however, did not clearly inform defendant orally of his right to confront his accusors. Defendant signed a written guilty plea form, however, stating, inter alia, that he thereby waived his right of confrontation.
The Louisiana Supreme Court has held that an appellate court may look beyond the Boykin colloquy to an expanded record to determine whether a voluntary waiver of the defendant’s constitutional rights occurred. State v. Lawson, 410 So.2d 1101 (La.1982). Significantly, in the instant case, the trial judge at the multiple bill hearing in 1983 did question the defendant about his understanding of the 1980 guilty plea form, which had informed him of his right to confront his accusors. Accordingly, considering the colloquy together with the guilty plea form signed by defendant, we conclude that defendant was properly Boykinized and knowingly and voluntarily waived his constitutional rights. We find no merit to this assignment of error.
CONTINUANCES
We likewise find no merit to defendant’s argument that he received a fundamentally unfair trial through the conduct of the proceedings on three separate dates: June 10, July 2, and July 6, 1982.
On the first date of trial, the judge heard the testimony of the owner of the stolen cheeks, and then recessed trial for approximately three weeks until July 2, when he heard the testimony of the branch manager of the bank and the police hand writing *268 expert. A second police officer, who was present when the defendant had given his hand writing examplar, was subpoenaed for the July 2 proceedings but was unavailable. The judge granted the State’s request for a recess until July 6, the date when the officer was expected to return to duty. The defense did not object to these recesses on either date.
Under the circumstances we cannot say the trying of this case by a judge over three separate trial dates resulted in prejudice to the defendant or constituted an abuse of the trial court’s discretion.
Accordingly, defendant’s convictions on both counts of forgery are affirmed. The matter is remanded to the trial court for the limited purpose of clarifying whether or not defendant is to serve his concurrent sentences of imprisonment in the Orleans Parish Prison or the Department of Corrections.
AFFIRMED IN PART; REMANDED IN PART.