GULOTTA, Judge.
ON REMAND FROM THE SUPREME COURT
In State v. Briscoe, 471 So.2d 264 (La. App. 4th Cir.1985), we affirmed defendant’s conviction on two counts of forgery, 1) the false making of a check and 2) the issuing or transferring of the same check, in violation of LSA-R.S. 14:72. We remanded the case to the trial court, however, for a clarification whether the concurrent sentences were to be served in Orleans Parish Prison or the Department of Corrections.
Subsequent to our opinion in Briscoe, supra, the Louisiana Supreme Court handed down State v. Smith, 475 So.2d 331 (La.1985). In Smith, the defendant had received separate sentences to be served concurrently for convictions on one count of attempted forgery as a principal in the false endorsement of a check and on a second count of attempted forgery as a principal in an attempted transfer. The Supreme Court held that the two kinds of forgery defined by LSA-R.S. 14:72 are not cumulatively punishable in a situation where a single instrument is both forged and transferred by the same person. Accordingly, Smith’s conviction and sentence for attempted forgery on the first count were affirmed, but his conviction and concurrent sentence for the second count were vacated.
On writ granted, the Supreme Court, 479 So.2d 913, has vacated our judgment in Briscoe, supra, and has remanded the case to us for reconsideration in light of Smith, supra. Applying Smith, we now affirm defendant Briscoe’s conviction and sentence for forgery on the first count (the false making of a check) but vacate his conviction and sentence on the second count (the issuing or transferring). The matter is remanded to the trial court for the limited purpose of clarifying whether or not defendant is to serve his sentence of imprisonment in the Orleans Parish Prison or the Department of Corrections.
CONVICTION ON FIRST COUNT AFFIRMED; CONVICTION AND SENTENCE ON SECOND COUNT VACATED; REMANDED IN PART.