611 So.2d 732 (1992)
STATE of Louisiana
v.
George THORNTON.
No. 91-KA-1971.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
*733 Harry F. Connick, Dist. Atty., Valerie Ann Welz, Asst. Dist. Atty., New Orleans, for plaintiff.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, George Thornton, was charged by bill of information with the illegal carrying of a weapon, second offense, a violation of La.R.S. 14:95(C).[1] After a trial by a six-person jury he was found guilty as charged. The defendant filed motions for post-verdict judgment of acquittal and for arrest of judgment which were denied on July 3, 1991. After waiving all legal delays, he was sentenced to three (3) years at hard labor. It is from this conviction and sentence that the defendant has appealed.
The record reflects that at approximately 7:00 p.m., on February 14, 1991, Terry Brumfield, who was eleven years old, was sitting with a friend on the front porch of his home at 3303 Audubon Court. They saw the defendant, who was called "Georgie-Porgie," approach, and the friend told Terry that he saw the defendant going into his (defendant's) pocket. The friend ran, and defendant pulled a gun out of his pocket and held it to Terry's head. Defendant asked Terry, "Who you kin to?" Terry told him, and defendant left.
Terry then ran to his friend's aunt's house, and the aunt called the police. Officer Matthew Riles arrived, and the aunt showed him where defendant lived which was 1217 South Clark Street. Riles went there, and the defendant and Laurie Hilton, defendant's wife, exited. Riles spoke with Ms. Hilton, and she told him that the gun was hers and that it was underneath a sofa cushion. Riles retrieved the gun.
The defendant denied ever having the gun in his possession and denied seeing Brumfield that day. Ms. Hilton testified that the gun was hers and that the defendant never had possession of it.
Defense counsel stipulated that the defendant was the same person previously convicted of carrying a concealed weapon in Case No. 344-696.
A review of the record reflects that there are no errors patent.
In his first assignment of error, the defendant complains that the trial court erred in denying his motion for post-verdict judgment *734 of acquittal in that the State failed to present sufficient evidence of an essential element of the offense. The defendant asserts that the State failed to prove that his guilty plea to the previous conviction for illegal carrying of a weapon was constitutionally valid, i.e. that he validly waived his privilege against self-incrimination, his right to a trial by jury, and his right to confront his accusers. The defendant argues that the State was required to prove the waiver even though he stipulated to the prior conviction.
A post-verdict judgment of acquittal is to be granted only if the court finds that the evidence, viewed in the light most favorable to the prosecution, does not reasonably permit a finding of guilty. La.C.Cr.P. art. 821.
The defendant was found guilty of illegally carrying a weapon by intentionally concealing a firearm on his person. La. R.S. 14:95(A)(1). Subsections (C) and (D) of R.S. 14:95 provide for enhanced penalties in the event of second, third, and subsequent convictions. Subsection (E) provides that the enhanced penalty does not apply in cases where more than five years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last offense for which he has been convicted.
In State v. Pounds, 359 So.2d 150 (La. 1978), the defendant stipulated to his two prior convictions for illegal carrying of a weapon, and he attempted to testify to the circumstances of his guilty pleas to those prior convictions. The trial court sustained the prosecutor's objection to this testimony, and the Supreme Court affirmed. The court stated that the defendant's having stipulated to the prior convictions foreclosed the issues related to them and that any testimony related to them was irrelevant. The court further stated that it was the existence of the prior convictions which supplied the element of the crime and that attacks upon them were more properly the subject of a post-conviction remedy.
Therefore, under Pounds, due to defendant's stipulation, the validity of the guilty plea to the prior conviction is irrelevant to the sufficiency of the evidence. But even without the stipulation, the validity of the guilty pleas to the predicate conviction is not pertinent in the present prosecution. In State v. Williams, 392 So.2d 448 (La. 1980), in a prosecution for being a convicted felon in unlawful possession of a firearm, the trial court granted the defendant's motion to quash based on the invalidity of the guilty plea to the prior conviction. The Supreme Court reversed, citing Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), which involved the federal counterpart to La.R.S. 14:95.1, possession of a firearm by a convicted felon. The court stated that one charged with violating La.R.S. 14:95.1 could not challenge the predicate felony conviction on constitutional grounds. Williams was followed by this court in State v. Wilson, 454 So.2d 383 (La.App. 4th Cir.1984), writ denied 457 So.2d 1200 (La. 1984).
Although Williams and Wilson involved a different statute, there is no reason why the result in the present case should be different. As noted in Williams, the term "conviction" as used in La.R.S. 14:95.1 was not modified so as to require that the term be read as requiring a valid conviction. The term "conviction" as used in La.R.S. 14:95 is also without modification or qualification. Therefore, it was not incumbent on the State to prove as an essential element of the offense that the guilty plea in the prior conviction was valid. This assignment of error is without merit.
In his second assignment of error, the defendant complains that the trial court erred in denying his motion in arrest of judgment based on double jeopardy. The defendant argues that his conviction for aggravated assault involved the same conduct as the charge of illegal carrying of a weapon, and that as a result, double jeopardy bars his being prosecuted on that charge. The defendant cites as support Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
La.C.Cr.P. art. 596 provides:

*735 Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In analyzing cases involving claims of double jeopardy, the Louisiana courts have used two different tests. State v. Smith, 461 So.2d 417 (La.App. 4th Cir.1984), affirmed as amended 475 So.2d 331 (La.1985). The first test is based on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockburger test provides that when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied is whether each provision requires proof of an additional fact which the other does not. The second test is referred as the "same evidence" test which is broader than the Blockburger test, and it depends upon the proof required to convict, not the evidence actually introduced at trial. State v. Knowles, 392 So.2d 651 (La.1980). Thus, if the evidence necessary to support a finding of guilt of one crime also supports a conviction of the other, the two are considered the same offense under double jeopardy. State v. Steele, 387 So.2d 1175 (La.1980). In State v. Miller, 571 So.2d 603 (La.1990), the Supreme Court stated that it has principally relied upon the "same evidence" test in evaluating double jeopardy claims.
In Grady v. Corbin, supra, the defendant drove his car over the center line and collided with an oncoming car, killing one occupant and injuring the other. The defendant was initially charged with, and later pleaded guilty to, driving while intoxicated and failing to keep to the right of the median. The defendant was then charged with reckless manslaughter, second degree vehicular manslaughter, criminally negligent homicide, third degree reckless assault, and driving which intoxicated. The United States Supreme Court affirmed the dismissal of the subsequent charges by the New York Court of Appeals on double jeopardy grounds. The court stated:
Thus, a subsequent prosecution must do more than merely survive the Blockburger test. As we suggested in [Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) ], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.
495 U.S. at 521, 110 S.Ct. at 2093 (Footnotes omitted).
The court specifically refused to adopt the "same evidence" test. See footnote 12, 495 U.S. at 521, 110 S.Ct. at 2093.
In the present case, the defendant was convicted of aggravated assault and illegal carrying of a concealed weapon. Aggravated assault is an assault committed with a dangerous weapon, and an assault is defined as either an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. La.R.S. 14:36-37. Under La.R.S. 14:95(A)(1), the illegal carrying of concealed weapon is the intentional concealment of any firearm, or other instrumentality customarily or intended for use as a dangerous weapon, on one's person. Double jeopardy is not violated under the Blockburger test because each offense requires proof of an additional element that the other does not. Although both offenses involve a dangerous weapon, the aggravated assault charge requires that either a battery was attempted or that another person was placed apprehension of being harmed while using a dangerous weapon whereas the illegal carrying of a weapon charge required proof of concealment of the dangerous weapon.
*736 As to the analysis under Grady, the conduct to be proved as to each offense cannot be considered the same for double jeopardy purposes. The conduct constituting the charge of illegally carrying the gun was defendant's having concealed it in his pocket. The conduct constituting the aggravated assault was pointing that gun at Terry Brumfield. Defendant's right against double jeopardy was not violated. This assignment of error is without merit.
In his third assignment of error, the defendant complains that the trial court erred in overruling his objection regarding the proper responsive verdicts. He argues that the trial court should have included as responsive verdicts "illegal carrying of a concealed weapon, first offense" and "attempted illegal carrying of a concealed weapon, first offense" because they were lesser and included offenses of the offense charged.
In the instant case, the defense stipulated that defendant had been previously convicted of illegally carrying a weapon. At the time of the stipulation, the trial court instructed the jury that because of the stipulation, it would not be necessary for the State to prove the prior conviction. Because of the stipulation, the trial court did not charge the jury with responsive verdicts relating to carrying a concealed weapon, first offense. La.C.Cr.P. art. 814 gives a list of responsive verdicts for certain enumerated offenses, but illegal carrying of a weapon, second offense is not included; therefore, La.C.Cr.P. art. 815 controls. Article 815 provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense is a misdemeanor; or
(3) Not guilty.
Lesser and included offenses are those in which all of the essential elements of the lesser and included offense are also essential elements of the greater offense charged. La.C.Cr.P. art. 803 provides that the trial court shall charge the jury as to the law applicable to each offense when the offense charged includes other offenses of which the accused could be found guilty under Article 815. State v. Dufore, 424 So.2d 256 (La.1982), held that when a defendant requests an instruction to the jury on the law applicable to a truly lesser and included offense of the offense charged, the trial court has no discretion to refuse to give the requested instruction.
However, La.C.Cr.P. art. 814(C), which we believe is generally applicable to responsive verdicts whether or not they are specifically enumerated in art. 814, provides:
Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
"Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." State v. Henry, 449 So.2d 486 (La.1984), quoting Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).
A stipulation has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact. See McCormick, Evidence § 254 (4th Ed.1992). Defense counsel stipulated that defendant had been previously convicted of illegally carrying a weapon, thus relieving the State of the burden of proving that fact. Once that stipulation was made or entered into, there was no evidence warranting a jury instruction on the lesser and included verdicts of illegal carrying of a weapon, first offense, or attempted illegal carrying of a weapon, first offense. The only evidence that would have warranted such an instruction would have been evidence tending to prove that defendant had never been convicted of illegally carrying a weapon before. There was no evidence *737 tending to establish such a fact. Under La.C.Cr.P. art. 814(C), and State v. Henry, supra, the trial court correctly excluded the responsive verdicts relating to first offense illegal carrying of a weapon.
By defendant's final assignment of error, he argues that the trial court erred in failing to give the jury a limiting instruction that defendant's past conviction was not to be taken into account in assessing guilt or innocence as to the offense for which he was being tried.
Defendant failed to object in any way trial to the trial court's failure to give such a limiting charge to the jury. Therefore, he is precluded from assigning as error the trial court's failure to give a limiting charge. La.C.Cr.P. art. 801. Further, at the time the time stipulation was entered into, the court stated to the jury:
Ladies and gentlemen, the State and the Defense have both agreed that [defendant] is the same person who does have a previous conviction for the crime of carrying a concealed weapon. Both sides agree to that; therefore, it's not necessary for the State to prove that to you. However, they still must prove to you with regard to this case that on the day in question [defendant] did carry concealed on his person a gun. (emphasis added)
Although this cautioning instruction did not come in the charge to the jury, it nevertheless informed the jury that the stipulation did not take the place of the State having to prove the other elements of, and his guilt as to, the offense charged, without regard to the previous conviction. Finally, defendant testified in his own behalf and admitted to having been previously convicted of a being a felon in possession of a firearm. He therefore admitted two previous convictions, the underlying felony conviction, and the subsequent conviction for unlawful possession of a firearm by a felon. These admissions minimize the effect of any prejudice suffered because of the trial court's failure to give a limiting charge to the jury.
We find no merit to this assignment of error.
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Defendant was also charged with aggravated assault, a misdemeanor, which was tried by the trial judge at the same time the illegal carrying of a weapon charge was being tried by the jury. The trial judge found defendant guilty.