PER CURIAM.
Defendant, David Johnson, was charged by grand jury indictment with three counts of armed robbery and one count of aggravated rape, violations of LSA-R.S. 14:64 and LSA-R.S. 14:42, respectively. Defendant was tried by a twelve-member jury, was found to be guilty of all of the charged offenses and was sentenced as a multiple offender under LSA-R.S. 15:529.1 to serve a term of ninety-nine years at hard labor on each of the three counts of armed robbery (297 years total), the above sentences to run consecutively and to be imposed under LSA-R.S. 15:571.3(C) without the possibility of diminution of sentence for good behavior. Defendant was additionally sentenced on the aggravated rape charge to serve the balance of his natural life at hard labor, this sentence to run consecutively with those imposed for the above armed robberies.
Defendant has assigned two errors as the basis for his appeal before this Court.
In the early morning hours of August 5, 1978, defendant and an accomplice, Michael Lankins, approached three employees of a Church’s Fried Chicken Restaurant who were leaving the store after closing. The two men were armed with pistols and demanded money. Making repeated threats to harm the employees, they forced one employee to reopen the restaurant and attempt to open the safe. Though the employee had the combination to the safe, because of the intensity of the threats on her life (“If you don’t open that safe, you are dead.”), she was unable to do so. A very short time later the police arrived. The two men refused to give themselves up and kept the three employees hostage for over three hours. During this time, the defendant made repeated threats to kill the employees, e. g., pointing his guns at the hostages and asking them why they should not be killed. Each employee in turn begged for his or her life. The acts of the *1218 defendant had so terrorized the victims that one employee urinated on himself. In order to make the police believe he would kill all of the hostages, he shot several times into a cardboard box, forced one of the victims to moan and complain of being hit and told the police he had shot one of the victims. The defendant also raped a twenty-one year old female employee at gunpoint. The rape occurred in the same room where the other employees were held, and they were told to turn their heads.
The two men were eventually arrested at the scene. The defendant was apprehended when he told police he would release the hostages, then went out himself, posing as a hostage. Defendant was identified by the restaurant manager as not being one of the employees.
Defendant neither briefed nor argued his first assignment of error and, therefore, we deem it abandoned.
We have carefully reviewed defendant’s second assignment of error and find it does not present reversible error, nor does it involve legal issues not governed by clearly established principles of law. We, therefore, find this assignment to be without merit.
DECREE
Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.