387 So.2d 1174 (1980)
STATE of Louisiana
v.
Kirk P. VOSLOH.
No. 66553.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
Dissenting Opinion November 10, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Harry Hardin, Asst. Dist. Attys., for plaintiff-appellee.
Arthur F. Dumaine, New Orleans, for defendant-appellant.
Dissenting Opinion November 10, 1980. See 389 So.2d 1336.
CALOGERO, Justice.
Defendant Kirk P. Vosloh was charged by bill of information with possession of marijuana with intent to distribute in violation of R.S. 40:967. Following trial, the twelve member jury returned a ten to two verdict of guilty of attempted possession *1175 with intent to distribute.[1] Defendant was sentenced to serve two and one-half years at hard labor. On appeal to this Court, defendant argues one assignment of error.[2]
By assignment of error No. 3 defendant claims that the trial judge erroneously overruled an objection made during the state's closing argument.
During closing argument, the prosecutor commented that the amount of marijuana seized would make approximately 6,000 cigarettes, far more than could be explained by personal use. The prosecutor then said: "He is selling it to children." Defense counsel objected to this statement on the grounds that there was no evidence that defendant sold any marijuana to children. The trial judge overruled the objection stating: "You will have your opportunity to argue counsel. As I have told this jury, argument of counsel is argument of counsel. Now that is the conclusion he brought up, Mr. Dumaine. . . Objection overruled."
The prosecutor's statement was improper because unsupported by the evidence (See La.C.Cr.P. art. 776), and the objection should have been sustained. However, to reverse the conviction on this ground we would have to be convinced that the challenged remarks influenced the jury and contributed to the verdict. State v. Harris, 383 So.2d 1 (La.1980); State v. Heads, 370 So.2d 564 (La.1979); State v. Lee, 364 So.2d 1024 (La.1978). We are not so convinced. The remark was an isolated comment in the prosecutor's argument, one which was strenuously disputed by defense counsel in his own argument. Furthermore, while the trial judge did not sustain the objection and admonish the jury to disregard the comment, he did in effect admonish them to give to the prosecutor's statement only such weight as the evidence warranted when he told them that "argument of counsel is argument of counsel."
Assignment of error No. 3 does not present reversible error.

Decree
Defendant's conviction and sentence are accordingly affirmed.
AFFIRMED.
LEMON, J., concurs and assigns reasons.
DENNIS, J., dissents with reasons. [Editor's note: The dissenting opinion was not filed in time to permit publication with the opinion of the court; it will be separately published.]
LEMMON, Justice, concurring.
The statement complained of was purely inflammatory and implied possession of evidence not introduced at trial. I am disinclined to encourage such conduct by calling the error harmless, but since I am convinced the isolated statement, when considered with the indirect admonition, did not affect the verdict, I respectfully concur.
NOTES
[1] Defendant was originally tried before a judge and found guilty of the completed offense of possession of marijuana with intent to distribute. Defendant's motion for new trial on the ground that he had not made knowing and intelligent waiver of the right to trial by jury was granted. The new trial resulted in the verdict from which the defendant takes this appeal.
[2] Assignments of Error Nos. 1, 2, 4, and 5 were merely restated in brief and argued neither in brief nor orally. Hence, it is appropriate that this Court not consider them. State v. Sterling, 377 So.2d 58 (La.1979); State v. Johnson, 372 So.2d 1217 (La.1979). Notwithstanding, these assignments lack merit.