449 So.2d 63 (1984)
STATE of Louisiana
v.
Phillip FRANKLIN.
No. KA-0695.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*65 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary C. McMullan, Susan S. Hunt, Asst. Dist. Attys., New Orleans, for appellee.
Lloyd N. Frischhertz, New Orleans, for appellant.
Before GULOTTA, SCHOTT and LOBRANO, JJ.
GULOTTA, Judge.
Appealing his conviction as a second offender for possession of marijuana, in violation of LSA-R.S. 40:966, defendant urges twelve assignments of error.[1] We affirm.
On July 11, 1982, at approximately 2 a.m., NOPD Officers William B. Williams and Mitchell Dusset observed a taxicab driven by defendant Philip Franklin disregard a stop sign at the intersection of Florida and Gallier Streets. The officers stopped defendant's cab and made a routine request for his driver's license. When told that he had none, they placed him under arrest.
Upon searching defendant, Officer Williams found two coin envelopes in his right rear pocket, one containing a green vegetable matter he believed to be marijuana, and the other containing four hand-rolled cigarettes. Officer Williams then informed defendant he was under arrest for possession of marijuana.
An on-the-scene search of the interior of the defendant's car revealed a paper bag *66 containing three coin envelopes with the green vegetable matter, another coin envelope with residue in the car's ash tray, and another coin envelope containing marijuana under the left floor mat.
After defendant entered a plea of not guilty to the charge of possession of marijuana with intent to distribute, the State amended the bill of information by deleting the words "intent to distribute" and substituting therefor, "and has been previously convicted of possession of marijuana...." After a second trial (the first hearing ended in a mistrial), defendant was found guilty as charged and sentenced to serve one year with credit for time served.

ASSIGNMENT OF ERROR 1
Defendant contends the trial judge erred in denying his motion to suppress the evidence seized.[2] Defendant claims there was no probable cause for the officers to stop him since he had not disregarded the stop sign. Alternatively, he argues that if the officers made a lawful arrest, their search of his person and the cab exceeded constitutional limits.
Reasonable cause to stop a suspect is determined on a case by case basis by assessing whether the police had sufficient knowledge of facts and circumstances to justify an infringement upon an individual's right to be free from government interference. See La.C.Cr.P. Art. 215.1 and State v. Chaney, 423 So.2d 1092 (La.1982). Probable cause to arrest exists when the police officer has reasonable and trustworthy information about facts and circumstances to sustain the belief of a reasonable man that the arrestee has committed or is committing a crime. See La.C.Cr.P. Art. 213 and State v. Chaney, supra. A determination of probable cause is a substantive one to be made by the trial judge on the facts and circumstances of each case. His conclusions are entitled to great weight. See State v. Nicholas, 397 So.2d 1308 (La. 1981).
According to the arresting officers, defendant disregarded the stop sign and possessed no driver's license. Under the circumstances, the arresting officers had the right, incident to defendant's lawful arrest (for the traffic violation) to conduct the search of the defendant. See State v. Morgan, 445 So.2d 50 (La.App. 4th Cir. 1984). The more difficult problem is whether the officers made a lawful, warrantless search of defendant's cab.
In State v. Brooks, 452 So.2d 149 (La. 1984), the Louisiana Supreme Court adopted the standards set forth in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), that officers who have lawfully stopped an automobile and have probable cause to believe that contraband is concealed "may conduct a search of the vehicle that is as thorough as the magistrate could authorize in a warrant particularly describing the place to be searched".[3]
*67 In the instant case, the discovery of contraband on defendant's person gave rise to a reasonable suspicion that the cab also contained contraband. Accordingly, probable cause existed for a warrantless search of the vehicle.
We therefore find no merit to this assignment of error.

ASSIGNMENT OF ERROR 2
Defendant next claims the trial judge erred in overruling his motion to quash. According to defendant, prejudice occurred when the bill of information, which contained a reference to his earlier conviction for possession of marijuana, was read to the jury prior to hearing evidence. Defendant claims that fairness and impartiality require that the jury not be made aware of the prior conviction, which could have been made available to the trial judge at the time of sentencing.
La.C.Cr.P. Art. 765, which sets forth the normal order of trial, provides that the indictment or bill of information be read.[4] LSA-R.S. 40:966, the crime charged in the instant case, includes a penalty provision for a second conviction for possession of marijuana. To obtain a multiple offender conviction, the allegation that the crime is a multiple offense must be contained in the bill of information. State v. Keys, 328 So.2d 154 (La.1976). See also State v. Morgan, 389 So.2d 364 (La.1980); State v. Pounds, 359 So.2d 150 (La.1978). Under the circumstances, the bill of information containing the earlier conviction was properly read to the jury.
Accordingly, we find no error in the denial of defendant's motion to quash the indictment.

ASSIGNMENTS OF ERRORS 3 & 5
Defendant argues the trial judge erroneously admitted into evidence an arrest register showing traffic violations and tickets issued on July 11, 1982, when defendant was arrested for the offense charged. Defendant maintains this evidence was prejudicial. We disagree.
The prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some purpose other than to show the accused is a "bad man" more likely to have committed the offense. State v. Haarala, 398 So.2d 1093 (La.1981). However, when relevant and highly probative evidence is necessary to establish the elements of the crime charged, the fact that it involves another crime does not make the evidence per se objectionable. See State v. Anderson, 343 So.2d 135 (La. 1976).
In the instant case, the traffic violations in the arrest register and the traffic tickets, although irrelevant to establish the elements of the crime of possession of marijuana, were relevant and probative to establish probable cause for the search of the defendant and his car. Absent this evidence, there was no basis to support a lawful arrest. Accordingly, we find no merit to this assignment of error.

ASSIGNMENTS OF ERRORS 4, 6 & 8
Defendant next claims in Assignment of Error 4 that the trial judge erred in not allowing the arresting officer to answer a question whether defendant had money in his wallet at the time of arrest. According to defendant, this line of questioning was proper cross examination to impeach the credibility of the police officer.
We fail to see the relevance of this questioning, and find no abuse of the trial judge's discretion in controlling the scope and extent of cross examination. See State v. Coleman, 406 So.2d 563 (La.1981) and State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983). This evidence is of no moment to either the traffic violation or the *68 marijuana offense. Accordingly, we find no merit to this argument.
Defendant also contends in Assignment of Error 6 that the trial judge erred in overruling a defense objection to the State's cross examination of another driver of defendant's cab, Sidney Rayfield, concerning Rayfield's observations of a woman who changed her stockings in the back of the cab and threw paper on the floor. According to defendant, this irrelevant line of questioning was an obvious attempt by the State to imply that Rayfield was a "lewd person with a poor moral character" in order to prejudice the jury into thinking that defendant was also of poor moral character.
Because the contraband was found in a paper bag on the floor of defendant's cab, this testimony about throwing paper was relevant. We find no prejudice.
Defendant further avers in Assignment of Error 8 that the trial judge erred in allowing the district attorney to ask defendant why his former girlfriend did not testify on his behalf. This witness' presumed testimony that she had stopped dating the arresting officer in order to date the defendant would have corroborated defendant's position that he was harassed, stopped and searched by the arresting officer because of his relationship with the girlfriend. According to defendant, the State's reference to the girlfriend's failure to appear on his behalf created an inference (in the jury's mind) that her testimony would not have supported his claim.
We reject this contention. Defendant's response to the prosecutor's question concerning his failure to call this witness was, "She's married now at this time, and I think it would be very disrespectful for me to go and ask her...." This answer was logical and reasonable. We do not conclude prejudice resulted. We therefore find no abuse of the trial court's discretion in allowing the question.
We conclude that Assignments of Error 4, 6 and 8 are without merit.

ASSIGNMENT OF ERROR 7
Defendant next contends the trial judge erred in not allowing the defendant on direct examination to answer defense counsel's questions concerning the reasons why the officers had stopped and arrested him. We find no error.
A witness may only testify as to facts and information within his knowledge, and is not permitted to speculate as to any impression he may have. See LSA-R.S. 15:463 and State v. Prestridge, 399 So.2d 564 (La.1981). The trial judge properly sustained the prosecutor's objection to the question.
This assignment lacks merit.

ASSIGNMENTS OF ERRORS 10 & 11
In these assignments, defendant argues the District Attorney exceeded his scope of the State's rebuttal argument under LSA-C.Cr.P. Art. 774 by reiterating his closing argument and interjecting his personal feelings.
Because our transcript of the record does not include defendant's closing arguments, we cannot determine whether the State's rebuttal argument exceeded the permissible scope. Our review of the State's argument, however, indicates that the District Attorney expressed his personal resentment of the defense attorney's allegations against him and the police officers. Following this argument, the defense counsel objected, and the trial judge immediately admonished the district attorney to refrain from making personal comments.
Before a reviewing court will overturn a verdict on the basis of an improper rebuttal argument, it must be convinced that the challenged remark influenced the jury and contributed to the verdict. See State v. Vosloh, 387 So.2d 1174 (La.1980). Although the comments made by the District Attorney exceeded the permissible scope of rebuttal, when we consider the nature of these remarks and the trial judge's prompt admonishment of the District Attorney, we do not conclude that they influenced the jury or were of a sufficient *69 magnitude to warrant reversal of defendant's conviction.

ASSIGNMENT OF ERROR 12
Defendant lastly argues that the jury's guilty verdict is contrary to the law and evidence.
The proper standard of review of the sufficiency of evidence is that a reviewing court view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Raymo, 419 So.2d 858 (La.1982); State v. Fuller, 414 So.2d 306 (La.1982); State v. Sharp, 414 So.2d 752 (La.1982).
A review of the record in this case leads to a conclusion that sufficient evidence exists for a guilty verdict.
Having so concluded and having found no reversible error, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Since defendant properly filed assignments of error which are in the record, although they were filed in another division and were not reflected on the Docket Master, we reject the State's argument that the defendant's failed to assign errors as required. See LSA-C.Cr.P. Art. 844.
[2] Although defendant argues in his brief that the officers had no probable cause to stop him, we interpret this contention as meaning that the officers had no reasonable cause to stop him, and no probable cause to arrest him.
[3] In State v. Hernandez, 410 So.2d 1381 (La. 1982), decided before Ross and Brooks, the Louisiana Supreme Court rejected the rule enunciated by the United States Supreme Court in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) that a policeman may, as a contemporaneous incident of a lawful custodial arrest of a car's occupant, search the car's passenger compartment, and the contents of any container found in the passenger compartment. In construing our state constitution in Hernandez, the Louisiana Supreme Court adhered to Louisiana's rule that in a warrantless search of an arrestee's person, officers could search the person, and the area within his controlconstruing that phrase to mean the area by which he could gain possession of a weapon or destructible evidence.

Also decided before Ross and Brooks, was State v. Guzman, 362 So.2d 744 (La.1978), cert. denied 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1979), in which the Louisiana Supreme Court, adopting the standards of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) held that a warrantless search of a movable vehicle could only be conducted under the "automobile emergency exception" when there was probable cause to believe that the vehicle contained contraband or evidence of a crime, and "exigent circumstances" required an immediate warrantless search. The Louisiana Supreme Court in Brooks held this mobile/immobile distinction to be no longer relevant.
[4] La.C.Cr.P. Art. 765 provides, in pertinent part:

The normal order of trial shall be as follows:
1. The selection and swearing of the jury;
2. The reading of the indictment;...