483 So.2d 1100 (1986)
STATE of Louisiana
v.
William CONGER.
No. KA-2960.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1986.
Writ Denied May 12, 1986.
*1101 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Maria L. Reuther, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, State.
M. Craig Colwart, Orleans Indigent Defender Pro., New Orleans, for defendant-appellant William Conger.
Before KLEES, WARD and WILLIAMS, JJ.
KLEES, Judge.
On July 29, 1983, the defendant was charged, by bill of information, with two counts of forgery in violation of R.S. 14:72. He was arraigned on August 12, 1983 and pled not guilty. After a jury trial on October 12, 1983, the defendant was found guilty as charged. On November 8, 1983 the State filed a multiple offender bill. On June 4, 1984, the defendant was sentenced as a multiple offender to serve eight years at hard labor.
FACTS:
On July 5, 1983, the defendant entered the Circle Food Store and attempted to cash an unemployment check in the amount of $205.00. The check was made payable to a Jack Payne. The manager, Mike Gabriel, told the defendant that the cashier was short on cash at that time, but if the defendant would return in about two hours the check could be cashed. Mr. Gabriel was suspicious of the identification presented by defendant, so he proceeded to call Mr. Payne to inquire about the check. Mr. Payne informed Mr. Gabriel that he had not received his unemployment check that week. When the defendant returned, he endorsed the check in the presence of Mr. Gabriel. The defendant was then sent to the check cashing window to cash the check. Anna Lee, the check cashing teller, took the check from defendant and called security. The defendant was then arrested.
Errors Patent
A review of the record for errors patent reveals the following. The defendant was convicted on two counts of forgery in violation of R.S. 14:72. The minute entry dated June 4, 1984 as well as the sentencing transcript, indicated only that he was sentenced to eight years at hard labor. There was no mention of either count in the sentence. Thus, it is not possible to tell whether or not the sentence actually imposed was eight years on each count or four years on each count for a total of eight years. Because of this ambiguity, it is impossible for this court to know whether or not defendant was actually sentenced on both counts. Of greater import however, which relates to sufficiency of the evidence is the recent case of State v. *1102 Smith 475 So.2d 331 (La.1985) wherein our Louisiana Supreme Court held that the imposition of separate convictions of and sentences for attempted forgery as principal in false endorsement of check and attempted forgery as principal in attempted transfer of same forged check violated the constitutional ban of double jeopardy. The facts in this case rest squarely within the holding of Smith (supra).
Thus we are compelled to vacate the conviction for the second count of forgery. For the following reasons we affirm the conviction for the first count of forgery but remand for clarification of sentence.
ASSIGNMENTS OF ERROR:
SENTENCING
ASSIGNMENT # 1
By this assignment of error the defendant urges that the trial judge sat as a committing magistrate and therefore should have been recused pursuant to C.Cr.P. art. 671(5). The defendant claims that no motion to recuse, which is required by C.Cr.P. art. 674, was filed because the attorney appointed to assist the defendant failed to apprise the defendant of the error. There is no indication that a written motion to recuse was filed, nor is there no indication that such a motion should have been filed. The trial court held a preliminary hearing to find probable cause on September 6, 1983. The defendant may have confused this preliminary hearing with magistrate court.
This assignment is without merit.
ASSIGNMENT # 2
By this assignment of error the defendant contends that the trial judge erred in refusing to allow the defendant, who was representing himself, to instruct the jurors that the crime of forgery included "force and arms" as stated in the bill of information.
The crime of forgery as defined in R.S. 14:72 does not include the element of "force and arms". Unnecessary allegations may be disregarded as surplusage. C.Cr.P. 486.
This assignment lacks merit.
ASSIGNMENT # 3
Defendant alleges that he was prejudiced before the jury when he was compelled to wear his prison attire at the trial, resulting from the negligence of the State losing his street clothing. Defendant cited Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) rehearing denied 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed. 1194 (1976), which stated that a state cannot compell the accused to stand trial before a jury while dressed in identifiable prison clothing. This court finds that this assignment of error is with out merit for two reasons, (1) it is not apparent to this court that defendant was compelled by the State to wear his prison attire while standing trial, and (2) the defendant did not establish that his clothing at trial was identifiable as prison clothing, as required in Estelle v. Williams, supra.
The court is not convinced that the State compelled defendant to wear the prison clothing to trial solely because his street clothing was misplaced. If defendant was to establish that the State would not allow him to receive other clothing, or that the State would not supply him with any other clothing; then defendant's assignment of error would satisfy the requirement mentioned above. Furthermore, the defendant would have to demonstrate that his clothing at trial was readily identifiable as prison attire, which he failed to do. Estelle v. Williams, supra; State v. Leggett, 363 So.2d 434 (La.1978). Accordingly this assignment of error lacks merit.
ASSIGNMENT # 4
By this assignment of error the defendant contends that the trial judge erred in allowing the district attorney to speak to a prosecution witness before the trial. The defendant apparently argues that since he was prohibited from speaking to the witness before trial reversible error occurred.
The witness in question is not identified by name, but is obviously a State witness. *1103 The defendant cites no authority, nor can this court find any authority for relator's contention that the defense counsel has a right to speak to state witnesses before the trial.
ASSIGNMENT # 5 and # 6
By these assignments of error the defendant contends that the trial judge committed reversible error by commenting on the defendant's failure to take the stand. The comments by the trial judge which form the basis for this contention occurred at the end of the trial. The State was attempting to introduce into evidence the report of the crime lab showing that the exemplar taken and the name Jack Payne written the second time were done by the same hand. The trial judge ruled that, since the lab technician who had written the report had testified at trial, the report was unnecessary, since his testimony was the best evidence. The defendant mistakenly believes this to be a directive by the trial judge to the jury to believe this testimony because it was the best or most credible evidence offered in the whole of the trial. These assignments arise from the defendant's unfamiliarity with the best evidence rule rather than any error on the part of the trial judge. These assignments are without merit.
ASSIGNMENT # 7
By this assignment of error the defendant urges that the trial judge failed to correctly charge the jury as to the responsive verdicts in that there was no charge as to "force and arms". "Force and arms" is not a responsive verdict to a charge of forgery. C.Cr.P. art. 815.
The defendant also argues in this assignment that as a result of a jury poll which he requested pursuant to C.Cr.P. art. 812, it was ascertained that the jury vote was 5 to 1. The record, however, reflects that a poll of the jury showed a vote of 6-0, finding the defendant guilty as charged.
ASSIGNMENT # 8
By this assignment of error the defendant urges that the trial court erred in finding him a multiple offender. The defendant alleges that the 1982 guilty plea cannot be used to enhance the current conviction because no arraignment record of the 1982 guilty plea was filed in the present record. The record does not contain the bill of information, the waiver of constitutional rights form, the minute entry index and the sentencing transcript from that conviction. Thus there is adequate support for the prior convictions in the multiple bill. The defendant makes no claim that his Boykin rights were violated.
The defendant further alleges that the multiple bill is defective because it states that the defendant was convicted in 1982 of theft in violation of R.S. 14:69. The defendant alleges that the court on its own motion, amended the bill of information to show that the defendant was convicted of possession of stolen goods in violation of R.S. 14:67. The sentencing transcripts shows that this matter was to be amended, but it was discovered to be correct and the objection previously made was abandoned by defendant.
This assignment is without merit.
ASSIGNMENT # 9
By this assignment of error the defendant alleges that he was selected to be tried by the district attorney because of the prosecutorial atmosphere which R.S. 15:571.11(D) created by allowing the district attorney in Orleans Parish to collect certain fines paid to Criminal District Court by criminal defendants. The defendant does not demonstrate how the provisions of R.S. 15:571.11(D) actually prejudiced him.
This assignment is without merit.
Accordingly, for the reasons expressed above, the defendant's conviction as to the first count of forgery is hereby affirmed, the conviction for the second count of forgery is vacated. Defendant's sentence is set aside and remanded to the trial court for resentencing.
AMENDED AND AS AMENDED AFFIRMED AND REMANDED FOR RESENTENCING.