SCHOTT, Judge.
Defendant was convicted of two counts of forgery in violation of LSA-R.S. 14:72. After being adjudged a habitual offender pursuant to R.S. 15:529.1 he was sentenced to four years at hard labor on each count with the sentences to run concurrently.
Defendant attempted to cash a traveler’s check payable to Edwin Doherty. The clerk noticing that the signature placed on the check by defendant did not match the other, called the American Express office and ascertained that the check was stolen. The clerk detained defendant until the police arrived. He was charged with forging with intent to defraud under the first paragraph of R.S. 14:72 as well as uttering the check under the second paragraph of the statute.
By his first assignment defendant contends the trial court erroneously denied his motion for mistrial which was based upon C.Cr.P. Art. 770 and the following exchange at the trial:
“Q. (By D.A.): Did you have occasion to check to see whether or not there was a police report filed regarding these two checks.
A. (By Officer): Yes, Ma’am, there was.
Q. And did you learn at that time the art of how these checks got out of the possession of the owners?
A. Yes. There was a police report of an armed robbery. (Tr. 56).”
Art. 770 provides as follows:
Upon a motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
This assignment lacks merit for several reasons. First, the officer did not suggest that the defendant committed the robbery. There was evidence that defendant had gotten the check from a prostitute so that the jury may have surmised that she, and not the defendant, committed the robbery. Second, the officer’s mention of the armed robbery was unsolicited and unresponsive. Since there was no showing of a pattern of such answers or improper intent by the police officer or prosecutor the comment is not within the purview of Art. 770. State v. Harris, 383 So.2d 1 (La. 1980). Finally, the trial judge after denying defendant’s motion for mistrial, did admonish the jury to disregard the officer’s comment in compliance with C.Cr.P. Art. 771(2) which is the statute applicable to this situation. Thus, this assignment has no merit.
By his other assignment, defendant contends that his right not to be twice put in jeopardy for the same offense under the Fifth Amendment of the United States Constitution was violated when he was convicted of and sentenced for two crimes which arose out of the same act. In State v. Smith, 475 So.2d 331 (La.1985) the court held that it was the intention of the legislature in drafting R.S. 14:72 to provide the state with two avenues upon which to prosecute a defendant for forgery and not to impose double punishment for the same offense. Thus, defendant is entitled, as in *1187 Smith, to have the conviction and sentence for the count of uttering the forged check vacated.
In our examination of the record for errors patent we find none except that the sentences on both counts were enhanced under the habitual offender law which constituted error since only one count can be enhanced under those circumstances. State v. Sherer, 411 So.2d 1050 (La.1982). However, since we have already resolved to vacate one of the two sentences this issue is moot.
Accordingly, the conviction of and sentence for forgery on count three are affirmed. The other conviction and sentence are vacated.
AFFIRMED AS AMENDED.