517 So.2d 1264 (1987)
STATE of Louisiana
v.
Lamar Roch BERTRAM.
No. KA-7773.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
*1265 John A. Occhipinti, A Professional Law Corp., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, and Patricia I. Edwards, Asst. Dist. Attys., New Orleans, for appellee.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Assigning three errors to the district court proceedings, defendant appeals his conviction on a charge of forgery in violation of La.R.S. 14:72. We have reviewed the record considering defendant's assigned errors, and have inspected the pleadings and proceedings for any errors thus discoverable. La.C.Cr.P. Art. 920. Finding no error warranting reversal or modification of defendant's conviction or sentence, we affirm.
On April 2, 1983, defendant went to Pap's Food Center in New Orleans to buy liquor. The cashier, Laura Allen, totaled the bill, $402.61, and told defendant that he would have to get his check approved at the store's courtesy counter.
At the courtesy counter, Helen Wiley used a special camera to take a single photograph of defendant, his blank check, and a temporary driver's license, simultaneously. The check was drawn on American Bank from the account of Robert and Norma Bertram. The temporary driver's license presented by defendant was issued to Robert Bertram. Robert Bertram is defendant's father.
Ms. Wiley approved the check for the amount of purchase. Defendant returned to the liquor cashier, Ms. Allen, and completed the check for the amount of purchase, $402.61. Ms. Allen positively identified defendant as the man who signed the check to purchase the liquor.
Three days later the bank returned the check, unpaid, to Pap's Food Center. The store manager contacted Robert Bertram, and went to his home to meet with him. When shown the photograph of defendant, the check and the temporary driver's license, Mr. Bertram identified defendant as his son, commenting on recent "troubles" with his son and that his son could have stolen his checkbook. Mr. Bertram did not offer to make good the check.
The store manager called the New Orleans Police Department Forgery Division and spoke to Detective Michael Fejka. Detective Fejka met with the store manager, obtained the unpaid check and the check-approval photograph of defendant, and went to meet with Robert Bertram. Mr. Bertram again revealed that his son could have stolen his checkbook, and informed Detective Fejka that his son was not authorized to write the check.
At trial a representative of American Bank testified that on April 5, 1983, the bank had refused to pay the check and had returned it to the store. The bank records further indicated that the bank had refused to pay a total of twelve checks written on the Bertram account and that on the following day Robert Bertram had closed that checking account and had used the funds to open another account at the bank. Nothing in the bank's records indicated that Robert Bertram had followed the bank's procedure for granting anyone a power of attorney to write checks on his account.
Mr. Bertram testified that he did not remember anything about the incident; he did not remember talking to the store manager, or to Detective Fejka, or later to two assistant district attorneys. He testified that all of his children including defendant have the power of attorney to sign checks in his name. While on the witness stand, *1266 he offered to pay the amount of the check to Pap's.

Assignment of Error No. 1
The district attorney charged defendant with two counts of forgery: one count for the false making of the check and the second count for the issuing or transferring of the forged check. See La.R.S. 14:72. Defendant waived trial by jury and elected to be tried by the judge alone. At the conclusion of the trial the judge noted that the evidence proved defendant's guilt as to both counts, but that the court's verdict must conform to the constraints imposed by State v. Smith, 475 So.2d 331 (La.1985); the judge found defendant not guilty as to count one and guilty as charged as to count two.
In State v. Smith, supra, the court held that the two kinds of forgery defined in La.R.S. 14:72 are not cumulatively punishable in a situation where a single instrument is both forged and transferred by the same person during the course of a single transaction. The prosecutor is permitted, however, to charge an individual in the above situation with both crimes. The court's solution when an individual is convicted of both crimes charged and sentenced therefor is to vacate one of the convictions. State v. Smith, supra.
Following the Supreme Court's directive, this court has imposed the same solution. See State v. Briscoe, 482 So.2d 71 (La.App. 4th Cir.1986) ; State v. Conger, 483 So.2d 1100 (La.App. 4th Cir.1986), writ denied, 488 So.2d 199 (La.1986); State v. Jackson, 488 So.2d 1185 (La.App. 4th Cir.1986); State v. Nicholas, 491 So.2d 711 (La.App. 4th Cir.1986). On which of the two counts the conviction is vacated is immaterial. The solution recognizes only that an individual convicted of both forging and transferring a single instrument during a single transaction shall receive a single conviction.
Defendant argues that when the judge found him not guilty of forging the check, the judge was then precluded from finding him guilty of issuing or transferring a forged writing that was that same check. We disagree. Realizing that under these facts the law as interpreted by the Supreme Court in State v. Smith, supra, mandates a single conviction only, the trial judge entered a verdict of a single conviction, disposing of the other count in the bill of information by a verdict of not guilty. If the judge had found defendant guilty on both counts (which finding the evidence supports), on appeal this court would have vacated the conviction as to one count. As stated above, it is immaterial which count is vacated or disposed of by a verdict of not guilty and which count remains as a conviction.
We find no merit in this assignment of error.

Assignment of Error No. 2
Defendant contends that the evidence is insufficient to support the trial judge's conclusion that defendant's father had not granted him power of attorney to make and issue the check. Defendant argues that the only evidence contrary to his father's testimony that he did have power of attorney to make and issue checks on his father's account, is the impeachment evidence of his father's prior inconsistent statements. Defendant correctly asserts that evidence of prior inconsistent statements presented by the state to impeach its own witness cannot be admitted as substantive evidence of the truth of their contents; the effect of its admissibility is limited to impeaching the credibility of the witness and his testimony. State v. Allien, 366 So.2d 1308 (La.1978). The Allien court held further that a conviction cannot stand if the only evidence of guilt is a witness's prior inconsistent statement which the witness declares to be false.
The state called Robert Bertram as a witness. When he testified contrary to his previous statements, the trial judge, at the request of the state, declared him a hostile witness, allowing the state to impeach him. See La.R.S. 15:487. The state then recalled the store manager and Detective Fejka, and called two assistant district attorneys to testify to Robert Bertram's various prior statements: that defendant did not have authority to sign his check; *1267 that defendant was not involved at all and that defendant's friend Lamar signed the check; that the signature on the check was his own.
As noted above, this impeachment evidence was not admissible to establish the truth of the content of any prior statement, but was admissible only to impeach Robert Bertram's credibility and his testimony. The trial judge articulated the limited purpose for which he admitted the evidence, and he concluded that Robert Bertram lied when he testified.
The impeachment evidence, however, is not the only evidence. The other evidence established that defendant, without informing any store employee of his true identity, made and transferred his father's check as payment for $402.61 worth of liquor; that he gained approval from the store to use the check by presenting a temporary driver's license issued to his father; that when confronted with the refused, unpaid check defendant's father did nothing to indicate or to establish his son's authority to make and issue the check, and he allowed the check to remain unpaid; that the day after being confronted with the refused, unpaid check defendant's father closed that checking account and used the funds previously therein to open another account at the same bank, making no arrangements with the bank to pay that check or any other check signed by defendant; and the check remained unpaid. We find, as did the trial judge, that by excluding every reasonable hypothesis that defendant had authority to make and issue the check, this evidence is sufficient to prove beyond a reasonable doubt that defendant did not have authority to make and issue the check. See La.R.S. 15:438.
Finding the evidence sufficient, we find no merit in this assignment of error.

Assignment of Error No. 3
Although he appears in the record as only a witness, one of the assistant district attorneys called to impeach Robert Bertram apparently was in the courtroom during the testimony of other witnesses and participated in the prosecution of the case against defendant. Defendant contends that the assistant's presence in the courtroom violated the sequestration order and that, therefore, the court erred when it allowed him to testify.
The purpose of an order of sequestration is to assure that a witness will testify from his own knowledge of the case without being influenced by the testimony of prior witnesses, and to strengthen the role of cross-examination in developing the facts. La.C.Cr.P. art. 764 vests discretion in the trial judge to disqualify a witness when an order of sequestration has been violated. The trial judge's ruling on disqualification will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Kimble, 407 So.2d 693 (La.1981); State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1985).
The assistant's testimony concerned Robert Bertram's statement, made to him a month before trial, that the signature on the check was Robert Bertram's. No other witness testified concerning Bertram's making of this statement (offered as one of Robert Bertram's prior inconsistent statements). Nothing indicates that any prior testimony influenced the assistant's testimony or that he testified from anything other than his own knowledge. And counsel makes no complaint that his ability to develop the facts through cross-examination was in any way diminished.
The purpose of the sequestration order was not violated. We find, therefore, that the trial judge did not abuse his discretion by permitting the assistant to testify. There is no merit in this assignment of error.

Decree
Defendant's conviction and sentence are affirmed.
AFFIRMED.