BROWN, Judge.
In a single bill of information defendant, James R. Willis, was charged with one count of possession of amphetamine and three counts of possession of methamphetamine, all violations of LSA-R.S. 40:967(C)(2). A jury found defendant guilty on two counts of attempted possession of amphetamine and methamphetamine, but acquitted him on the remaining two counts. On each count defendant was sentenced to two years imprisonment at hard labor to run concurrently.[1] He has appealed arguing two assignments of error.[2] For the reasons stated herein, we affirm his conviction and sentence.
FACTS
On November 3, 1987, a Shreveport narcotics officer, accompanied by two other officers of the Shreveport Police Department, went to defendant’s residence to serve an arrest warrant. Defendant’s wife answered the door and the narcotics officer, Mark Holley, identified himself and asked for defendant. Defendant came to the door and was informed that he was under arrest. Defendant asked for permission to go to the bathroom which was granted, but with continuous observation. Defendant and the officers then exited the residence.
Prior to being put in the police car, defendant was searched by Agent Mark Holley. In defendant’s left front pants pocket, *814 Agent Holley found a black film canister, a prescription bottle containing 11 pills and a copper metal tube. The film canister was opened and found inside were four small plastic bags. Subsequent testing confirmed that one bag contained amphetamine and three bags contained methamphetamine. As a result of this search and seizure, defendant was arrested and charged in this case.
DISCUSSION
The major question presented by the defense is whether the trial court erred in denying a motion for mistrial due to remarks by the prosecutor in his opening statement.
In his opening statement the assistant district attorney told the jury:
“... And what this is is a drug case. But there's another way where drug offenders are caught, and that’s sometimes quite frankly, the police just get lucky. And that’s what happened in this case.
A couple of years ago, in November of 1987, the police had an arrest warrant for the defendant on an unrelated charge. They went to his house just to make a routine arrest.”
The defense attorney objected asserting that the remarks of the prosecutor were references to another crime mandating a mistrial under LSA-C.Cr.P. Art. 770(2).
The trial court denied the motion for a mistrial stating:
“... I believe that the State has a right to say why the police came to the location. We’ve had a pre-trial on this matter, and I cautioned the Prosecution not to mention the nature of the charge after discussion with Counsel in this matter. We believe it’s (sic) been properly done, and we will overrule the objection made by Counsel in connection with this.”
In objecting to the court’s ruling, the defense attorney recounted that his recollection of the pretrial instruction was that the state could mention a warrant but not the type of warrant involved.
LSA-C.Cr.P. Art. 770(2) mandates a mistrial when the District Attorney, in front of the jury, refers to another crime committed or alleged to have been committed by the defendant “as to which evidence is not admissible.” In this case the District Attorney did refer to an unspecified “unrelated charge.” Therefore, the issue is whether this evidence was admissible.
A pretrial motion to suppress the evidence seized had been filed, heard and overruled. Thereafter, the film canister and its contents were admissible evidence before the jury. LSA-C.Cr.P. Art. 703. The defense argues that it was unnecessary to explain to the jury the reason the police went to defendant’s residence. The defense argues that being armed with an “arrest warrant on an unrelated charge” did not aid in proving any element of the present crime. The defense additionally argues that the prosecutor failed to give the required written notice of its intent to offer such evidence of other crimes pursuant to State v. Prieur, 277 So.2d 126 (La. 1973).
It is evident that the defense attorney was fully aware of this evidence as it was the subject of the motion to suppress and the admitted pretrial discussions. It is unrealistic to argue that the defense did not have proper notice. In any event notice was not required in this case.
The state relies on State v. Franklin, 449 So.2d 63 (La.App. 4th Cir.1984) which represents an approach rejected by this court in State v. White, 559 So.2d 541 (La.App. 2d Cir.1990). In Franklin the court allowed evidence before the jury of an arrest register showing traffic violations and tickets to establish probable cause for the search of defendant and his car and the subsequent felony drug possession charge. In White we rejected this reasoning. The issue of probable cause to justify the search and seizure is a pretrial matter. At a pretrial hearing to suppress evidence, the reason defendant was taken into custody is admissible to support the search and seizure. After the trial court has determined that the search and seizure is valid, then no need exists to convince a jury of the lawfulness of the seizure.
*815 However, State v. White, supra, is not applicable to this case. White concerned the introduction of hearsay statements by a confidential informant to supply the probable cause for the search. This court reversed White’s conviction because probable cause was not a jury issue and hearsay should not have been presented.
In White this court stated:
“While the officer who stopped the defendant may testify at trial that he was acting on an informant’s tip when he made the stop, he may not relate to the jury the details of the informant’s out-of-court statement when those details amount to an assertion that the defendant has committed or will commit the crime for which he is being tried.”
In the present case no hearsay was introduced nor did the prosecutor explain the nature of the arrest warrant. The statement of the prosecutor and subsequent testimony of Agent Holley was a natural and integral part of the transaction. Even without this information, the jury could have deduced that defendant was arrested. Why else would the police have been at his door, handcuffed him and placed him in the police vehicle?
The reason for being at defendant’s house and taking him into custody was an integral part of the act or transaction that resulted in these charges. LSA-C.E. Art. 404 B(l). This may not have been true if the jury had been told what type of crime the arrest warrant represented or any hearsay information as to why it was issued. The trial court was correct to limit allowable references to this arrest warrant through pretrial discussions.
Additionally, the defense presented defendant’s wife who testified that she gave the film canister to defendant just prior to his arrest. Defendant’s wife testified that the film canister had been left by a customer and that neither she nor defendant were aware of its contents.
To increase the wife’s believability, she testified that she had given information to the police in the past resulting in defendant’s arrest for other crimes including burglary and drug use. A Shreveport police officer was called by the defense to confirm this testimony of defendant’s wife. This unique defense argued that since the wife informed on defendant in the past, it necessarily followed that she was truthful in her present testimony.
Under these circumstances the limited reference to the arrest warrant in the opening statement referred to admissible evidence. This evidence was necessary to show the immediate context out of which the charged offense arose and to accurately present the state’s case. State v. Haar-ala, 398 So.2d 1093 (La.1981).
Defendant’s final argument is that the jury’s verdicts were contrary to the law and evidence. Defendant contends that the verdicts of attempted possession and not guilty on two other counts of possession are illogical. He contends that the jury’s only two options were to find him guilty of all four counts or innocent of all four counts.
Defendant further contends that the verdict of guilty on two counts of attempted possession is contrary to law because the evidence clearly showed defendant actually possessed the substances. Defendant alleges that the jury’s verdict should be set aside as he committed a completed offense.
We will not speculate upon matters that are the unique province of the jury nor upon the jury’s motives or any compromise by the jury. The decision of the jury has been rendered and attempted possession is a proper responsive verdict. LSA-C.Cr.P. Art. 815.
The assignments of error have no merit and we find no errors patent on the record.
For the reasons assigned, defendant’s conviction is affirmed.
AFFIRMED.

.These sentences are to run consecutively to defendant’s sentence of three years imprisonment at hard labor for a previous conviction in 1987 of possession of controlled dangerous substance in a neighboring parish.

.Initially, we note that defendant failed to brief or argue in brief assignment of error nos. 1 and 3.Since these assignments were not briefed or argued in brief, they are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4.