liKNOLL, Judge,
dissenting.
I respectfully dissent because I believe the jury’s verdict was indeed contrary to the law and evidence.
As stated in the majority opinion, defendant was indicted and tried on two counts of theft. Count one was theft of over $500.00 from Ortego and count two was theft of over $500.00 from Estes. The jury found defendant guilty on count one as to Ortego, but not guilty on count two as to Estes.
The count of theft from Estes arose from a $14,500 check endorsed by Estes and deposited under defendant’s name, apparently in the same account containing Ortego’s funds. This money was proceeds from a personal injury settlement on behalf of Estes and like Ortego’s funds, was deposited in defendant’s name to avoid revocation of welfare benefits.[1] There is no indication the parties distinguished between the two sources of money. For all practical purposes the monies of Estes and Ortego were indistinguishable.
Furthermore, viewing the record as a whole, it is clear that Ortego played a very minor role in the events leading to defendant’s conviction. While no documented power of attorney was | introduced into evidence, the testimony was unanimous that it existed and all three parties clearly believed Estes had complete authority over Ortego’s finances. Finally, the record indicates the financial dealings were almost exclusively between defendant and Estes.
Under these circumstances, I believe the majority errs when it characterizes the main issue as one of credibility. Because of the elderly Ortego’s insignificant role in these events, any credibility contest was between defendant and Estes. Yet the jury plainly believed Estes to be incredible since it found the defendant not guilty of theft from her. The pivotal issue is whether the jury could properly find the defendant stole from Orte-go, but not Estes.
In determining whether this verdict was contrary to the law and evidence, the most analogous case in this Circuit is State v. Simon, 544 So.2d 610 (La.App. 3rd Cir.1989), writ denied, 550 So.2d 647 (La.1989). Two other circuits have also addressed similar issues and have reached the same conclusion as Simon, State v. Bertram, 517 So.2d 1264 (LaApp. 4th Cir.1987) and State v. Willis, 577 So.2d 813 (La.App. 2nd Cir.1991), writ denied, 581 So.2d 704 (La.1991).
In Simon, the defendant was tried on two counts of possession of cocaine arising out of two separate purchases of cocaine by the same undercover policeman. The jury found the defendant guilty on the first count, but not the second. The defendant appealed this verdict as contrary to the law and evidence. In rejecting the defendant’s argument, this court found “a jury could rationally determine that defendant was guilty of one of the counts, yet not of the other, ... ”. In the first count, the conditions under which the undercover policeman identified the defendant were far more certain than in the second count.
However, in the case sub judice, I do not believe there is any way to distinguish between the counts. Because the funds were indistinguishable, a rational jury could not find Ortego’s money was stolen, but Estes’ was not. Estes’ authority over Ortego’s funds was virtually absolute. If defendant did not steal Estes’ Umoney, then there is no evidence of record to indicate he acted differ *275 ently with Ortego’s money. I recognize, as it was in Bertram and Willis, that a jury is given great latitude in formulating its verdict. However, as indicated in Simon, the jury must remain in the realm of rationality. I can not find, as the court in Simon was able to find, that the jury had a rational basis for distinguishing between the counts. The conviction and sentence, being contrary to the law and evidence, should be vacated and set aside.

. At trial, on direct examination, Estes originally claimed she endorsed the personal injury check only after defendant "put a .44 magnum in my chest." However, on cross examination, Estes admitted this was a lie and that preserving her food stamps was her true motivation in endorsing the check.